[Cite as *Moore v. State*, 2012-Ohio-1840.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98190**

# TERRANCE MOORE

RELATOR

vs.

# STATE OF OHIO

RESPONDENT

## JUDGMENT:
## WRIT DISMISSED

Writ of Mandamus
Motion No. 453994
Order No. 454290

**RELEASE DATE:** April 23, 2012

**FOR RELATOR**

Terrance Moore, Pro Se
Inmate No. 480-096
Marion Correctional Institution
P.O. Box 57
Marion, OH    43301


**ATTORNEY FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

MELODY J. STEWART, P.J.:

{¶1} Relator, Terrance Moore, is the defendant in *State v. Moore*, Cuyahoga County Court of Common Pleas Case No. CR-445445. He is an inmate in a state institution.

{¶2} Moore complains that the court of common pleas has not ruled on his motion for mistrial. (A review of the docket in Case No. CR-445445 reflects that the motion was filed on July 11, 2011 and remains pending.) Moore indicates that he is attempting to get "mistakes" corrected. For the reasons stated below, we dismiss this action sua sponte and deny Moore's claim of indigency.

{¶3} Actions in mandamus must be "in the name of the state on the relation of the person applying, and verified by affidavit." R.C. 2731.04. Moore merely captioned this action as "*Moore v. State.*" Additionally, Moore has not verified the complaint by affidavit nor has he complied with the requirement of Loc.App.R. 45(B)(1)(a) that a complaint "be supported by an affidavit from the plaintiff or relator specifying the details of the claim." He also did not include the addresses of the parties in the caption as required by Civ.R. 10(A). Similarly, Moore did not comply with R.C. 2969.25(A) which requires that an inmate commencing an action "shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Any of these provides a ground for dismissal. *Jordan v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 96013, 2011-Ohio-1813.

**{¶4}** Additionally, Moore "failed to support his complaint with a statement setting forth the balance in his inmate account as certified by the institutional cashier. See R.C. 2969.25(C). As a consequence, we deny his claim of indigency." (Citation omitted.) *Id.* at ¶ 5. Likewise, we must also deny Moore's claim of indigency.

**{¶5}** Accordingly, we sua sponte dismiss Moore's request for relief in mandamus. Relator to pay costs. The court directs the clerk to serve notice of this judgment and date of entry upon all parties pursuant to Civ.R. 58(B).

**{¶6}** Complaint dismissed.

_____

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR